STATE OF MISSISSIPPI *v*. WYATT HUGHES AND THOMAS MOORE.

CRIMINAL LAW.   *Larceny.   Deeds.   Code* 1892, §§1513, 1173, 1174.

> A deed to land is the subject of larceny, under code 1892, §1513, providing that such a deed is itself personal property, and code 1892, §§1173, 1174, making all personal property the subject of larceny.

FROM the circuit court of Holmes county.

HON. W. F. STEVENS, Judge.

Hughes and Moore, appellees, were indicted for grand larceny, the stealing of a deed to land. They demurred to the indictment on the ground that the deed charged to have been stolen was not the subject of larceny. The demurrer was sustained, and the state appealed to the supreme court.

*Noel & Pepper* and *Monroe McClurg,* Attorney-General, for appellant.

Under the statutes, code 1892, § 1513 and §§ 1173 and 1174, it is larceny to steal a deed to land. The court below, therefore, erred in sustaining the demurrer to the indictment, holding, in so doing, that a land deed is not the subject of larceny. The deed was certainly personal property. Code 1892, § 1513. The stealing of any personal property is larceny. Code 1892, §§ 1173, 1174.

No counsel appeared for appellees.

WHITFIELD, C. J., delivered the opinion of the court:

The statute (§ 1513, code 1892) expressly declares a deed to land to be itself personal property, and §§ 1173, 1174, make all personal property the subject of larceny. It is obvious, therefore, that it was error to sustain the demurrer to the in-

dictment. It is true that at common law title deeds to land passed by deed, descent, or devise to the grantee, heir, or devisee; but the deeds themselves were even then a species of personal property. See Darlington, Pers. Prop., p. 13; 18 Am. & Eng. Enc. Law, p. 409, II. (2). In Anderson, Law Dict., p. 598, it is said: "The property must be personalty. At common law, taking a tree, flower, fruit, or title deeds is a trespass upon the land. But if any such object was severed by the owner, or by the thief at another time, that act made it personalty. Statutes have made felonious, appropriations of many such articles as formerly constituted trespasses. Formerly, also, bonds, bills, notes, and other evidences of debt, having no intrinsic value, and not importing property in the possession of the holder, were not subjects of larceny." Our statute (§ 1176) makes "bonds, bills, notes," etc., the subject of larceny. See, also, § 1179. The refinements of the common law on this subject have undergone great and necessary statutory change. Under our law it is clear that a deed is personal property, and the subject of larceny. See 12 Am. & Eng. Enc. Law, p. 783; 2 Barb. Cr. Law, p. 785 (2).

*Reversed, demurrer overruled, and cause remanded for trial.*